[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 14-15309
Non-Argument Calendar

_____

D.C. Docket No. 9:12-cv-80596-DLB

ST MICHAEL PRESS PUBLISHING CO., INC.,

Plaintiff-Appellant,

versus

ONE UNKNOWN WRECK BELIEVED TO BE THE
ARCHANGEL MICHAEL, STATE OF FLORIDA,
KINGDOM OF SPAIN, UNITED STATES OF AMERICA,

Defendants-Appellees,

ONE UNKNOWN WRECK BELIEVED TO BE AN
UNIDENTIFIED MILITARY AND SALVAGE
FRIGATE OF VESSEL MARAVILLA,

Consolidated Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(July 23, 2015)

Before TJOFLAT, WILSON, and ANDERSON, Circuit Judges.

PER CURIAM:

St. Michael Press Publishing Co. ("St. Michael") appeals the grant of summary judgment in a maritime case involving the alleged discovery and salvage of two Spanish shipwrecks.  St. Michael contends that the district court improperly weighed facts and considered the religious beliefs of its president, Robert Bouchlas, in granting summary judgment.  St. Michael also contends that, as a matter of law, the Kingdom of Spain has no title to any sunken cargo because it plundered the treasure.  Finding no error by the district court, we affirm.

This Court reviews a grant of summary judgment de novo, drawing all inferences and reviewing all evidence in the light most favorable to the non-moving party.  Hamilton v. Southland Christian Sch., Inc., 680 F.3d 1316, 1318 (11th Cir. 2012).  "[T]o survive summary judgment, the nonmoving party must offer more than a mere scintilla of evidence for its position; indeed, the nonmoving party must make a showing sufficient to permit the jury to reasonably find on its behalf."  Urquilla-Diaz v. Kaplan Univ., 780 F.3d 1039, 1050 (11th Cir. 2015).

St. Michael specifically objects to the district court's conclusion that it presented no evidence of discovery of the shipwreck.  St. Michael argues that Bouchlas's affidavit is sufficient evidence of his discovery.  Bouchlas swore that he "found some artifacts recovered from the Juno Beach site that match the cargo manifest of the Maravillas" and St. Michael "has in its possession an artifact

2

believed to be from the Defendant vessel." Even assuming arguendo these statements are sufficiently specific to support the discovery element of a salvage or a law-of-finds claim, St. Michael presents no evidence that the property is unowned or abandoned, or that the salvage services were successful. Therefore, St. Michael has still failed to adduce any evidence of essential elements of either a salvage claim or a claim under the law of finds.

Next, St. Michael contends that the district court scrutinized Bouchlas's religious beliefs in denying relief. The district court merely noted that the Kingdom of Spain presented evidence that Bouchlas claims to have located the wreck only through divine intervention. On de novo review, this Court could assume arguendo Bouchlas's declaration of divine knowledge, but we nevertheless conclude that St. Michael has failed to establish a claim under salvage law or the law of finds. Bouchlas's claim of knowledge of the location of the wreck would only support his discovery of the alleged shipwrecks, and would remedy none of St. Michael's other evidentiary deficiencies.

Finally, although St. Michael contends that the Kingdom of Spain has no title to any cargo aboard the alleged shipwrecks, St. Michael fails to cite any record evidence that demonstrates the cargo was in fact stolen and plundered property. Thus, the argument fails to meet the briefing requirements of the Federal Rules of Appellate Procedure, and this Court will not consider it. Fed. R. App. P.

3

28(a)(8)(A) ("[T]he argument . . . must contain . . . appellant's contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies . . .").

AFFIRMED.